GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont. January 27, 1899.)

RAILROAD RECEIVERSHIP—INTERVENTION BY CREDITORS CLAIMING PREFERENCE —PLEADING.

Holders of claims against a railroad in the hands of receivers, who do not come within the terms of a general order requiring the receivers to pay claims for labor and supplies accruing within six months, have no standing to file a motion for payment of their claims in full, and can only be heard upon a petition of intervention setting out the facts on which their claim to preferential payment is based in accordance with the rules of pleading.

Hearing on petitions of intervention of the Ashton Valve Company and others, as creditors, asking preferential payment.

91 F.—36

. 91 FEDERAL REPORTER.

Henry G. Newton, for petitioners.
Chas. M. Wilds and Wm. A. Sargent, for petitionees.

WHEELER, District Judge. The intervening petition of the
Ashton Valve Company and others, as individual creditors of the
defendants, has been heard upon its face. It sets forth the re-
spective names, residences, and amounts said to be due the peti-
tioners; that a large amount of rolling stock, worth much more than
the amount of these claims, went into the hands of the receivers,
and is liable for these claims; and that—

"(8) All the facts necessary to sustain this petition, including the amount
of indebtedness of said railroad corporation to these petitioners, and the
amount and value of said furniture, cars, engines, and rolling stock, appear
upon the books of said corporation, and upon the reports made by the re-
ceivers in said action to this court; and if in any cases the indebtedness to
any of your petitioners, as stated in this petition, differs from that shown by
the reports of the receivers, your petitioners are ready to adjust the same
with said receivers, and to accept the final report of said receivers after such
adjustment thereof."

It prays that the receivers may be ordered to pay to the petitioners
severally and respectively the full amount of their respective claims.
The facts are not otherwise set forth. The allegations of the peti-
tion, besides those quoted as to what the books of the corporation
and reports of the receivers show, fall far short of showing a valid
claim upon this property in the hands of the receivers. The alle-
gations as to what is so shown are allegations of what might be
evidence of facts when alleged; but they are not such allegations
of facts as good pleading requires, and cannot supply the place of
such allegations. The petition amounts only to a motion in behalf
of those not parties, or in any way entitled to proceed in this way.
Upon the appointment of the receivers, they were ordered to pay
claims for labor and supplies that accrued within six months. That
order has been the foundation of motions for payment of those
claims. These petitioners are not within that order, and have no
such foundation for a mere motion. They must set forth in an
orderly way, so as to be subject to traverse, what is necessary for
the relief sought. For want of this, the petition fails to show any
right of intervention. Petition denied.